UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACIE E., § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | |
| § | Case No. 3:22-cv-2453-E-BT | |
| COMMISSIONER, SOCIAL § | | |
| SECURITY ADMINISTRATION, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff Gracie E.'s[1] civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of Social Security (ECF No. 1). For the reasons explained below, the District Court should **REVERSE** the decision and **REMAND** the case to the Commissioner.

**Background**

Plaintiff alleges that she is disabled due to a variety of impairments, including chronic back pain, severe anxiety, and depression. Pl.'s Br. 2 (ECF No. 15). She was born in January 1963, and was fifty-six years old on her alleged disability onset date of October 4, 2019. *Id.* Plaintiff has a high school education

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018, Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

and past work experience as a property manager. *Id.*; Admin. R. 316 (ECF No. 10-1). On March 30, 2020, Plaintiff applied for a period of disability and disability insurance benefits. Admin R. 20. She also filed an application for supplemental security income on May 8, 2020. *Id.* When her application was denied, she requested a hearing before an Administrative Law Judge (ALJ), which took place on April 13, 2022.[2] *Id.*

The ALJ found that Plaintiff was not disabled under the Social Security Act and therefore not entitled to benefits.[3] Admin. R. 30. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. *Id.* at 22. The ALJ also found that Plaintiff had numerous severe impairments, including lumbar spine degenerative disc disease, asthma,

---

[2] Due to extraordinary circumstances presented by the COVID-19 pandemic, all participants attended the hearing by telephone.

[3] "In evaluating a disability claim, the [ALJ] conducts a five-step sequential analysis to determine whether (1) the [plaintiff] is presently working; (2) the [plaintiff] has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security Regulations; (4) the impairment prevents the [plaintiff] from doing past relevant work; and (5) the impairment prevents the [plaintiff] from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The plaintiff bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the ALJ to show that there is other substantial work in the national economy that the plaintiff can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the plaintiff is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler*, 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

and obesity, as well as non-severe impairments which cause mild limitations in each of the four distinct areas of mental functioning—understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* at 23–24. But the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or equals the severity of any impairment listed in Appendix 1 of the Social Security Regulations. *Id.* at 25.

The ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that she is limited to occasional stooping, kneeling, crouching, crawling, and climbing ramps or stairs, can frequently handle and finger, but cannot climb ladders, ropes, or scaffolds. *Id.* at 25. Additionally, Plaintiff must avoid concentrated exposure to fumes, dusts, gases, or other pulmonary irritants. *Id.* The ALJ supported this finding with Plaintiff's testimony of her activities of daily living and the objective medical evidence in the record. *Id.* at 29. Relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could perform her past relevant work as a property manager, and therefore that Plaintiff is not disabled under the Social Security Act. *Id.*

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her request for review. Pl.'s Br. 1. Having exhausted her administrative remedies, Plaintiff then brought this federal action seeking review and remand of the ALJ's

adverse decision, contending that the ALJ erred in failing to include limitations in the RFC finding to accommodate her non-severe mental impairments. *Id.* at 2–3.

After the Commissioner filed the Administrative Record (ECF No. 10), Plaintiff filed her Opening Brief (ECF No. 15), the Commissioner filed his Response (ECF No. 17), and Plaintiff filed her Reply (ECF No. 18). The decision is now ready for review.

## Legal Standard

Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and whether the proper legal standards were utilized. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The reviewing court does "not reweigh the evidence, try the issues de novo, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. An "ALJ's decision is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion that was reached by the ALJ." *Corpany v. Colvin*, 2014 WL 1255316, at *9 (N.D. Tex. Mar. 26, 2014) (citing *Dollins v. Astrue*, 2009 WL 1542466, at *5 (N.D. Tex. June 2, 2009)).

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in her articulation compromises no aspect of fairness or accuracy that her process is designed to ensure"). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Wilder*, 2014 WL 2931884, at *5 (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

## Analysis

Plaintiff raises only one ground for remand; she argues that the ALJ did not appropriately accommodate Plaintiff's mild mental limitations in her RFC finding, nor explain why those mental limitations did not need to be accommodated in the RFC. Pl.'s Br. 3. Because the ALJ's RFC determination was deficient, the Court should reverse the decision and remand the case to the Commissioner.

When an ALJ determines a claimant's RFC, "the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 61 Fed. Reg. 34,474, 34,477 (July 2, 1996), 1996 WL 362207; *see* 20 C.F.R. § 404.1545(a)(2). "Courts within this district have found no legal error where an ALJ does not include mental limitations in a claimant's RFC so long as the ALJ considered the limiting effects and restrictions of all impairments in the RFC analysis, even those impairments that are non-severe." *Martha L. v. Saul*, 2021 WL 3610316, at *5 (N.D. Tex. July 27, 2021), *adopted by* 2021 WL 3604082 (N.D. Tex. Aug. 13, 2021). When an ALJ finds mental limitations are credible at steps two and three but does not include any discussion of them at later steps, an ALJ must explain "why [s]he omitted any mental limitations from the residual-functional-capacity formulation." *Castillo v. Kijakazi*, 599 F. Supp. 3d 483, 489 (W.D. Tex. Apr. 18, 2022); *Garcia v. Colvin*, 2017 WL 920750, at *11 (S.D. Tex. Jan. 18, 2017), *adopted by* 2017 WL 896847 (S.D. Tex. Mar. 7, 2017), *aff'd*, 880 F.3d 700 (5th Cir. 2018) (noting that the ALJ considered all alleged impairments and symptoms at step four).

In her assessment of the "paragraph B" criteria, the ALJ concluded that Plaintiff has mild limitations in mental functioning across four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. Admin. R. 23–24. In making this determination, the ALJ considered Plaintiff's testimony about her daily activities as well as objective medical evidence from the

6

record. *See id.* Ultimately, the ALJ concluded that Plaintiff's mental impairments caused no more than a minimal limitation in Plaintiff's ability to do basic work activities, and therefore that the limitations were nonsevere. *Id.* at 24. In her step four assessment of Plaintiff's RFC, the ALJ also considered the opinions of Joel Forgus, Ph.D, and Lee Wallace, Ph.D, both state agency consultants, and found their opinions that Plaintiff's mental impairments are nonsevere persuasive. *Id.* at 29. The ALJ noted that this assessment was consistent with treatment notes from Plaintiff's medical providers showing that Plaintiff was alert, oriented, and displayed a normal affect, as well as other medical evidence showing that Plaintiff was consistently reported as alert, in no acute distress, well groomed, and with a normal affect and memory. *Id.*

However, Plaintiff argues that despite concluding that Plaintiff has mild limitations in each of the four areas of mental functioning assessed in the psychiatric review technique (PRT), the ALJ did not explain in the RFC how these limitations would or would not impact Plaintiff's ability to perform work. *See* Pl.'s Br. 6. According to Plaintiff, this requires remand because "the mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a *more detailed assessment* of the claimant's mental functioning . . . [but] this is precisely what was missing from the ALJ's decision." *Id.* (emphasis in original). Instead of adding more detail, Plaintiff argues, "the discussion of [Plaintiff's] mental impairments at step four was more restricted and did not explain how the

7

ALJ incorporated the proven mental limitations into her RFC finding." Pl.'s Reply 2–3.

The Commissioner argues in response that substantial evidence supported the ALJ's finding that Plaintiff had mild limitations in mental functioning, and further that such limitations in mental functioning do not mandate inclusion in the RFC where the mild limitations do not affect the Plaintiff's ability to do work. Def.'s Resp. 5.

The Court should agree that the ALJ did not adequately consider Plaintiff's mild mental limitations in her RFC calculation. Although the ALJ discussed Plaintiff's mental impairments and relied on the conclusion of medical experts that the impairments are "non-severe in nature," *see* Admin. R. 29, the ALJ's RFC analysis was silent as to the *impact* of those mild limitations. The Commissioner argues that the ALJ was not required to include Plaintiff's mild mental limitations in the RFC when the limitations do not affect the plaintiff's ability to do work. *See* Def.'s Resp. 5. However, crucially, the opinion is missing the required analysis of the possible limiting effects of Plaintiff's mild mental limitations on her ability to perform light, skilled work. *See Castillo*, 599 F. Supp. 3d at 489; *Melanie M. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 3349234, at *4 (N.D. Tex. July 20, 2022), *adopted by* 2022 WL 3349155 (N.D. Tex. Aug. 11, 2022) ("Although the ALJ stated he considered all symptoms in making his RFC determination and referenced Plaintiff's mental health history, his RFC assessment is devoid of any discussion suggesting he considered the impact of Plaintiff's mental impairments on her

ability to perform light work") (cleaned up). While an ALJ may decline to include mental limitations in an RFC finding, the ALJ must still consider the effect of even mild limitations. *See Castillo*, 599 F. Supp. 3d at 489. The Court should conclude that the ALJ's failure to undergo this analysis here was error. *Audrey M.D. v. Comm'r of Soc. Sec.*, 2022 WL 18356464, at *3 (N.D. Tex. Dec. 28, 2022), *adopted by* 2023 WL 223178 (N.D. Tex. Jan. 17, 2023) ("The ALJ's failure to explain why she omitted any mental limitations from the RFC formulation or the hypothetical to the VE constitutes legal error").

  Furthermore, the ALJ's error was not harmless. The ALJ concluded that Plaintiff can perform her past work as a property manager, which is classified as skilled and "may require dealing with people, facts, or figures or abstract ideas a high level of complexity." 20 C.F.R. § 404.1568(c). The ALJ concluded that Plaintiff has mild limitations in functional areas such as interacting with others and understanding, remembering, or applying information, but failed to analyze these limitations in determining whether Plaintiff can return to her previous skilled work. Admin. R. 23–24. Had the ALJ adequately considered these limitations in her RFC analysis, she may have reached a different conclusion as to Plaintiff's ability to do skilled labor. *Audrey M.D.*, 2022 WL 18356464, at *3. Given that Plaintiff's past work could involve abstract thinking, complex ideas, and dealing with people, even her mild limitations—especially when combined with her severe physical impairments—may affect her ability to carry out the job. *See Castillo*, 599 F.Supp.3d at 489. Because the proper incorporation of Plaintiff's mild mental

9

limitations into the RFC could have led to a different conclusion about whether she can perform her past relevant work, the Court should conclude that the ALJ's error was not harmless and remand the case. *See Martha L.*, 2021 WL 3610316, at *7.

## Conclusion

Because the ALJ erred in determining Plaintiff's RFC, the Court should **REVERSE** the decision and **REMAND** the case for further consideration consistent with this opinion.

**SO RECOMMENDED.**

February 8, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).